1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7             FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   RONALD KNUTSON,                          No. 2:17-cv-1840 DB P

10                   Plaintiff,

11          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
12   SPEARMAN, et al.,

13                   Defendants.

14

15          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

16   1983.  Presently before the court are plaintiff's original and first amended complaints (ECF No. 1,

17   7), as well as his motion to proceed in forma pauperis (ECF No. 2). For the reasons set forth

18   below the court will grant the motion to proceed in forma pauperis and recommend the complaint

19   be dismissed without leave to amend.

20                              **IN FORMA PAUPERIS**

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3  1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more

that "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.      Failure to State a Claim

The court has reviewed both plaintiff's original and first amended complaints (ECF Nos 1, 7), but is unable to identify any cognizable claims in either complaint. An amended complaint supersedes the original complaint, and therefore the first amended complaint is the operative complaint. However, the court has reviewed both complaints in an attempt to identify a cognizable claim or grounds on which to find amendment would not be futile.

The original complaint identifies Warden Spearman, the Estate of Benjamine "Buggsy" Segal, the Estate of Sam Giaconna, and Cindy Giaconna. (ECF No. 1.) The amended complaint plaintiff omits Warden Spearman, as a defendant, names Cindy Giaconna as a defendant, and

////

3

identifies the Estates of Segal and Giaconna as defendant Does 1 and 2.  (ECF No. 7 at 1.)
However, plaintiff does not state any factual allegations against any of these defendants in either
complaint.

Plaintiff references the due process clause, yet provides no facts that would demonstrate
that his due process rights have been violated.  Instead both complaints set forth a chronology of
events that are unrelated to each other[1] or to a claim for violation of his right to due process, and
appear to claim plaintiff is a secret partner in the Nevada gaming and liquor industry and a limited
partner as a service provider of medical supplies and equipment to the government.  Plaintiff
references an implied contract and states that there was a breach of contract from 1954-1963 and
appears to claim he is third party beneficiary who may enforce an agreement.  Also included in
the original complaint is a letter from the National Archives indicating it did not find a military
service record based on the information plaintiff provided to them.  However, plaintiff makes no
reference to the letter to indicate how it relates to his claim.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
elements: (1) that a right secured by the Constitution or laws of the United States was violated,
and (2) that the alleged violation was committed by a person acting under the color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).  There are no facts stated in either complaint that indicate
any person acting under color of state law violated plaintiff's rights.

To the extent plaintiff is attempting to bring an action for breach of contract, that is not a
cause of action arising under 42 U.S.C. § 1983.  Defendants failure to honor the alleged contract,
even if it were enforceable, implicates no federal constitutional right.  Sariaslan v. Rackley, 678
Fed.Appx. 613, 613-14 (9th Cir. 2017) (finding district court did not abuse its discretion in
dismissing pro se plaintiff's breach of contract claims without leave to amend).

Additionally, plaintiff references events that occurred more than ten years ago as the basis
for his claim.  Even if he were able to state a cognizable claim based on the allegations in the
complaint, those claims would likely be subject to a statute of limitations bar.  See Wallace v.

---

[1] Plaintiff appears to believe that the events detailed in the complaint are interconnected.

4

1  Kato, 549 U.S. 384, 385 (2007) (The statute of limitations action is that provided by the State for

2  personal-injury torts).[2]

3     Because the court is unable to identify any cognizable claims in the first amended

4  complaint, even when reviewing it in conjunction with the original complaint, the first amended

5  complaint must be dismissed.

6     **III.    No Leave to Amend**

7     In dismissing a complaint, leave to amend should be granted if it appears possible that the

8  defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203

9  F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.

10 1995) ("A pro se litigant must be given leave to amend his or her compliant, and some notice of

11 its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

12 cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if

13 after careful consideration, it is clear that a complaint cannot be cured by amendment, the court

14 may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Given the fanciful nature of

15 plaintiff's allegations and their failure to implicate any cognizable claims, the undersigned finds

16 that leave to amend would be futile. The first amended complaint should therefore be dismissed

17 without leave to amend.

18     IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district

19 judge to this action.

20     IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint (ECF No. 7)

21 be dismissed without leave to amend.

22     These findings and recommendations are submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

24 after being served with these findings and recommendations, plaintiff may file written objections

25 with the court. The document should be captioned "Objections to Magistrate Judge's Findings

26

27 [2] California law provides a two year statute of limitations for personal-injury actions, plus an
   additional two years tolling the statute of limitations based on the disability of imprisonment. See
28 Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/knut1840.scrn